**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0588n.06
Filed: August 17, 2006

No. 05-2056

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

           v.

On Appeal from the
United States District Court for
the Eastern District of Michigan

CHRISTOPHER BENSON,
    *Defendant-Appellant*.

_____

Before: KENNEDY and DAUGHTREY, Circuit Judges; ADAMS, District Judge[*]

**KENNEDY, J.** Christopher Lee Benson (hereinafter "defendant") seeks review of the 360-month sentence ordered by the district court, arguing that the sentence is unreasonable under the post-*Booker* sentencing regime because (1) the court afforded substantial weight to the Sentencing Guidelines, particularly the Career Offender Guideline range and (2) the court gave insufficient consideration to the factors enumerated within 18 U.S.C. § 3553(a). We find that the sentence, in substance and procedure, was reasonable and hereby affirm the district court.

### BACKGROUND

On January 23, 2003, officers entered the residence of the defendant, finding him with 17 small zip lock bags of crack cocaine in his pants pockets and a 12 gauge shotgun on the couch. A jury subsequently convicted defendant pursuant to 18 U.S.C. § 822(g)(1) (Felon in Possession of

---

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

a Firearm), Count One; 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Cocaine Base), Count Two; and 18 U.S.C. § 841(a)(1) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime), Count Three.

The district court sentenced the defendant to 120-months for Count One and 240-months for Count Two, to be served concurrently, plus 120-months for Count Three, to run successively, for a total of 360-months. This sentence was determined pursuant to the Sentencing Guidelines and recommended by the Presentence Investigation Report. Because defendant had sustained two prior felony convictions–one in May 2002, for Attempted Possession with Intent to Deliver Less Than 50 Grams Cocaine and another in May 2001, for Attempted Delivery/Manufacturing of a Controlled Substance Less Than 50 Grams–the district court computed the sentence in light of the Career Offender Guideline § 4B1.1(c)(3). The court rejected defendant's motion for a downward departure, which was primarily based upon arguments that the career offender status overstated defendant's criminal history and that the defendant received insufficient notice of the maximum career offender penalties available under the Project Safe Neighborhoods program.

Based on the Guidelines, the highest range applicable to the defendant is pursuant to § 4B1.1(c)(3), which is 360-months to life imprisonment. Defendant did not dispute that this sentence was accurately calculated, but because the district court originally issued the sentence under the mandatory Guidelines regime that existed prior to *United States v. Booker*, 543 U.S. 220, 245 (2005), a panel of this court remanded the case for resentencing. On remand, the district court again imposed a sentence of 360-months, although it "recogniz[ed] the Court's authority to vary from the sentence that would otherwise be imposed under the guidelines correctly calculated."

Defendant argues on appeal that his resentencing did not satisfy the post-*Booker* requirements because the district court placed excessive weight on the Guidelines range and failed to adequately consider the factors enumerated in 18 U.S.C. § 3553(a). To comply with the post-*Booker* sentencing regime, courts must issue reasonable sentences that are based upon consideration of applicable Guidelines ranges and the various factors set forth in §3553(a). *Id.* at 245-46, 261.

## ANALYSIS

I.      Defendant argues that the district court "should be reversed because it accords substantial weight to the sentence guideline," and its reliance upon the Career Offender Guideline range is unreasonable in light of *Booker*. While it is true that *Booker* drastically altered the federal sentencing scheme by transforming the Guidelines from mandatory to discretionary, it did not erase the Guidelines from the legal landscape. Subsequent opinions have indicated that the Guidelines must continue to play a strong role in sentencing decisions. In *United States v. Jackson*, this court noted that "*Booker* requires an acknowledgment of the defendant's applicable Guidelines range as well as a discussion of the reasonableness of variation from that range." 408 F.3d 301, 305 (6th Cir. 2005). Additionally, this court has determined that a sentence within the Guidelines is entitled to a presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). Here, the district court clearly acknowledged its authority to vary from the Sentencing Guidelines but found it appropriate to adopt a sentence at the minimum end of the Career Offender Guideline range. We are unwilling to find its consideration of the Guidelines in general or the Career Offender Guideline specifically to be excessive or unreasonable in light of *Booker* and its progeny.

II.     Next, the defendant asserts that the sentence imposed is unreasonable because the district court "fail[ed] to accord equal, or for some factors, any weight to other factors required for

consideration pursuant to 18 U.S.C. § 3553(a)." Defendant is entitled to demand judicial examination of the sentencing goals expressed in § 3553(a) in addition to consideration of the Guidelines, even though many of the same concerns informed both the drafting of the Guidelines and the codification of § 3553(a). *Booker*, 543 U.S. at 259-60; *see also United States v. Buchanan*, 449 F.3d 731, 735-36 (6th Cir. 2006) (Sutton, J., concurring). A sentence merely falling within the Guidelines does not carry with it the implication that the district court considered the § 3553(a) factors if such consideration is not clear from the record. *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). Thus, the district court must consider the § 3553(a) factors, and it is our role to ensure that the defendant's sentence is a product of the requisite process. However, this court is not tasked with demanding that the district judge consider each of the issues enumerated in § 3553(a) equally or engage in a "ritualistic incantation" of these statutory factors in order to surmount this procedural hurdle. *Williams*, 436 F.3d at 709. Rather, this court should review the proceedings of the lower court to ensure that the judge considered the statutory factors and adequately articulated his rationale such that the resultant sentence, though not what the defendant desired, cannot be faulted as unreasonable for failure to consider issues relevant to § 3553(a).

Examination of the statutory sentencing factors in conjunction with the district court's resentencing hearing demonstrates that the court below afforded appropriate consideration to the § 3553(a) factors, and thus the sentence should stand as reasonable. Section 3553(a) requires that the court consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed

4

educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [under the Guidelines];

(5) any pertinent policy statement...;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

This court generally remands a case when the district court, in rendering the sentence, "failed to mention section 3553(a) or provide sufficient information with regard to the sentence to permit a reasonableness review." *United States v. McBride*, 434 F.3d 470, 478 (6th Cir. 2006). Here, the district court's proceedings reveal that careful consideration of the § 3553(a) factors governed the sentencing of the defendant. The court, at the defendant's urging, entertained many arguments pertaining to the nature and circumstances of the offense at issue. While it explicitly acknowledged that the defendant's prior convictions were for small quantities of drugs, not "distributor-type quantities," the court rejected defendant's assertion that his possession of crack cocaine was solely for personal use, instead finding the evidence to be consistent with sale, albeit of a small quantity. The court also noted, but found unpersuasive, defendant's argument that he "never physically possessed a firearm, [but rather one] was merely present." The lower court's proceedings include ample commentary concerning the history and character of the defendant. Additionally, the judge heard evidence on the defendant's stunted education and the prevalence of narcotics in his neighborhood.

Besides considering the specific nature of the offense and defendant, the judge also contemplated the purposes of punishment articulated in § 3553(a)(2) before determining defendant's sentence. The court interpreted the defendant's "persistent" history of criminal offenses to indicate that defendant was not "persuaded much in the past by [the] sentences or restrictions that have been

5

imposed." In examining the policy basis for the career offender calculation, the court noted that individuals correctly calculated to fall within that category "represent such a risk to society that they should be removed from a position of further harming society for a very lengthy period," also pointing out the high risk of recidivism for such individuals. The court recognized the small amounts of drugs involved in defendant's case, commenting that he was "not the worst imaginable career offender," but the judge ultimately concluded that opting for a sentence at the minimum end of the Guidelines range afforded adequate weight to this mitigating characteristic.

Although the defendant specifically took issue with the absence of immediate drug abuse treatment within the lengthy sentence, the rehabilitative purpose of punishment did not escape the district court's notice. The judge merely found that other legitimate purposes enumerated within § 3553(a), such as the protection of society, weighed in favor of assessing a long period of incarceration. It was only after determining that the defendant posed a danger to society and a risk of recidivism that the judge found the 360-month sentence to be appropriate.

The district court accurately computed the range of sentences suggested by the Guidelines and considered defendant's arguments that a lower sentence was more appropriate in light of the role that both the application of the federal program, "Project Safe Neighborhoods," and the § 4B1.1(c)(3) Career Criminal Guideline played in computing the applicable sentencing range. It considered defendant's argument for a lower sentence based on the shorter length of sentence that would be available in state court, but it found the argument to be unpersuasive. The court also, upon observing the small amount of drugs involved, noted that the risks to the public typically imposed by career offenders were somewhat mitigated. Nevertheless, the court felt that prescribing a

6

sentence at the minimum end of the range for career criminals gave sufficient effect to these circumstances.

Another judge might look upon the defendant as an addict with a string of minor drug offenses and punishments for whom even the minimum end of the career criminal range would be inappropriately harsh. However, the court below decided that, given that the defendant "did not particularly respond to those [relatively mild] sentences" afforded him in the past, the prescribed sentence was necessary to comply with the purposes of criminal punishment. We are not willing to say that the district court was unreasonable to conclude that such a severe sentence was warranted.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.