**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0502n.06

**No. 07-2548**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jul 21, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| **KENNETH ROY THOMAS,** | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | **O P I N I O N** |
| | ) | |

**BEFORE: MOORE and WHITE, Circuit Judges; and OLIVER, District Judge.**[*]

   **SOLOMON OLIVER, JR., District Judge.** Defendant/Appellant Kenneth Roy Thomas ("Thomas" or "Defendant") appeals from his second re-sentencing for bank robbery in violation of 18 U.S.C. § 2113(a), arguing that the sentence was procedurally and substantively unreasonable, pursuant to *United States v. Gall*, 128 S.Ct. 586, 597 (2007). For the reasons which follow, the court hereby AFFIRMS the sentence imposed by the district court, but REVERSES the district court's imposition of a five-year period of supervised release and REMANDS the case back to the district court for re-sentencing with regard to this latter issue.

---

   [*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

# I. FACTUAL AND PROCEDURAL HISTORY

Defendant was indicted on September 25, 2002, by a grand jury in the Western District of Michigan, on one count of bank robbery in violation of 18 U.S.C. § 2113(a). On January 29, 2003, Defendant was convicted for robbery of a Bank One branch in Grand Rapids, Michigan. The district court sentenced Defendant to 240 months' imprisonment, a $4,500 fine and five years of supervised release to follow his incarceration. Defendant's conviction was affirmed on appeal. *United States v. Thomas*, 116 F. App'x 727 (6th Cir. 2004). Thereafter, the United States Supreme Court, 543 U.S. 1116 (2005), vacated this sentence and remanded the case for re-sentencing, pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Because the sentencing judge, Judge David W. McKeague, had been appointed to the U.S. Court of Appeals for the Sixth Circuit in the interim, the case was reassigned to U.S. District Judge Robert H. Cleland for re-sentencing.

On February 2, 2006, the district court adopted the original presentence investigation report ("PSR") and re-sentenced Defendant to 240 months' imprisonment, a $4,500 fine and five years of supervised release. On February 14, 2006, the Defendant appealed the sentence imposed by the court, arguing that it was procedurally unreasonable. On August 10, 2007, the Sixth Circuit vacated and remanded the case to the district court for a second re-sentencing, "[b]ecause the record did not make clear the district court's consideration of the relevant § 3553(a) factors and the reasons for imposing the sentence it did. . ." *United States v. Thomas*, 498 F.3d 336, 341 (6th Cir. 2007).

The court held the second re-sentencing of Thomas on December 6, 2007. At the second re-sentencing hearing on December 6, 2007, the district court adopted the original PSR. The court also noted that there were no objections to the United States Sentencing Guidelines ("Guidelines") range

calculation. In light of the fact that Defendant was a career offender under the Guidelines, the range was 210 to 263 months. The statutory maximum was 240 months. Defendant, through counsel, argued in mitigation that "the nature and circumstances of the offense" warranted a sentence somewhere between the Guideline range he would have been facing if he had not been a career offender, 92 to 115 months, and his range as a career offender, 210 to 263 months. Defense counsel noted that: (1) no weapon was used in the robbery; (2) all but $10.00 was recovered; and (3) the crimes that caused Defendant to qualify as a career offender "[r]eflected relatively old conduct." (Second Re-Sentencing Hearing Transcript "Tr." at 4.) Defense counsel also emphasized that this was "the first bank robbery I've had when the testimony says that my client escaped on a bicycle." (Tr. at 7.) Defendant said very little at sentencing, except to state that he was innocent. Counsel for the United States indicated that the government was relying on its sentencing memorandum, but further stated that the Defendant's past crimes were violent and that he had committed three qualifying crimes for career offender status, although only two violent crimes were needed to satisfy this status. The government's counsel also stated:

> although there wasn't a weapon used, the bank teller did not know that. The bank teller felt threatened and frightened and was under a threat. A bank robbery is a very serious crime which is deserving of a very severe punishment.

(*Id.* at 5.)

Before making his sentencing decision, the district court indicated its awareness of the arguments made on behalf of Defendant at his two prior sentencing hearings. (*Id.* at 8.) The court first addressed Defendant's arguments that no weapon was used during the robbery and that no one was injured stating that "[h]ad a weapon been brandished these [G]uidelines would very likely have been higher. Had someone been injured these [G]uidelines would very likely been higher." (*Id.*)

The court also found the fact that a substantial portion of the robbery money had been recovered was relevant only regarding the issue of restitution: "[t]here's no indication that I know of that the money was recovered by any, for example, change of heart that Mr. Thomas had experienced. . . . He didn't return the money. . .the money was recovered." (*Id.*)

The court then made it clear that, though the Guideline range had to be considered, it was not mandatory. The district court also found that it was obligated to consider other factors to determine "whether a sentence other than that calculated by the [G]uidelines may be sufficient but not greater than necessary to serve the purposes of sentencing expressed by Congress." (*Id.* at 10.) The court then indicated that it was not persuaded by Defendant's argument that the robbery was simple or ineffectual because Defendant escaped on a bicycle. In the court's view, the fact that Defendant escaped on a bicycle did not diminish the fact that the face-to-face robbery of a bank was an "inherently upsetting matter" for the person who was robbed. (*Id.*)

The court did not find that Defendant's age (fifty), his current incarceration at Terra Haute, or his good health to be factors that persuaded it that Defendant should receive a sentence substantially below the pertinent Guideline range. (*Id.* at 12.) Further, the court found that Defendant's career offender classification was not just properly calculated, but "fully appropriate, given the persistence and consistency and dangerous characteristics of his record of robbing assaultively places and more or less successfully making off with money, less successfully, of course, in this case." (*Id.* at 3.) The court noted that, of the three prior robberies that qualified Defendant as a career offender, two of them involved weapons and at least one of them "involved extraordinarily serious injury to the individual robbed." (*Id.* at 11.)

The sentencing judge then explicitly tied his analysis to the 18 U.S.C. § 3553(a) factors, stating:

> And I add that under the guidance of 3553(a) moving beyond the nature and circumstances of this offense, which are, essentially, middle of the road, the history and characteristics of the defendant, which are happily, from a health standpoint, good, but unhappily from a behavioral standpoint, horrible. I believe the need for a sentence to be imposed in this place should be substantial to reflect the seriousness of the kind of offense conduct engaged in here and to provide just punishment, but most especially to deter Mr. Thomas from this kind of behavior in the future, and relatedly, to protect the public from further crimes of Mr. Thomas.

(*Id.* at 14.)

The court further stated that the imposition of a substantial sentence was required to deter future criminal conduct, noting that Defendant demonstrated by his prior violent criminal behavior over many years that he was dangerous and likely to commit crimes again whenever he is released. He then sentenced Defendant to 240 months in the custody of the Bureau of Prisons, followed by a five-year period of supervised release, after saying the court would likely have sentenced him to a longer period, but for the statutory maximum of 240 months and the sentencing history established by the prior judge. (*Id.* at 14-15.)

## II. STANDARD OF REVIEW

As a result of the Supreme Court ruling in *Booker*, the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether the sentence is "reasonable." *United States v. Gall*, 128 S. Ct. 586, 597 (2007). As the Court in *Gall* instructed, appellate courts should first:

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a

sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including any deviation from the Guideline range.

*Id.* at 597. Assuming that a judge's sentencing decision is procedurally sound, this court then reviews whether the sentence is substantively reasonable under an abuse of discretion standard. *Id.* at 589-590.

## III. LAW AND ANALYSIS

Defendant argues that the district court's sentence was both procedurally and substantively unreasonable. Each of these arguments shall be addressed in turn.

### A. Procedural Reasonableness of Defendant's Sentence

Section 3553(a) provides, in relevant part:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) . . .

[And] shall consider-
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for -
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
    . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . . .

It is clear that the judge properly calculated the Guideline range, acknowledging the Guidelines were not mandatory and that he adequately explained his sentence, as discussed above

in Section I. Defendant argues, however, that the court abused its discretion when it concluded that "Defendant has exhibited an unremitting pattern of unusually violent and utterly reprehensible behavior in violation of the laws of this state and this country." He seems to argue, though he does not do so explicitly, that the judge based his sentencing decision on clearly erroneous facts.

This argument, however, is not well-taken as the court's finding was not clearly erroneous. Partially in response to counsel for Defendant's argument that Defendant did not use a weapon in the robbery and that he escaped on a bicycle, the district court stated that the face-to-face robbery by the Defendant of the teller must have been highly upsetting to the teller. It also stated, "Defendant has exhibited an unremitting pattern of unusually violent and reprehensible behavior. . ." Counsel for Defendant argues on appeal that, "[w]hile Thomas has a number of state court convictions for robbery, the only two that exhibited any significant violence beyond the usual were two committed when Thomas was 18. They were committed over three decades ago. . ." However, the teller involved in this case testified before the district court that the incident "scared the daylights out of" her, causing her to change her career. Furthermore, the robbery was committed while Defendant was on parole for a prior bank robbery involving violence. In light of these facts, we find no error in the district court's determinations that, notwithstanding the fact that Defendant did not use a weapon in committing the instant offense, his conduct in this case was violent and that he had demonstrated a pattern of unusually violent and reprehensible behavior. Accordingly, the court finds that the district court's sentence was not procedurally unreasonable.

**B. Substantive Reasonableness of Defendant's Sentence**

The Defendant also argues that his sentence was substantively unreasonable. In reviewing the Guideline sentence imposed by the district court, we must determine whether the district court

abused its discretion. *Gall v. United States*, 128 S.Ct. at 589-90. In doing so, we have chosen to accord the sentence a "rebuttable presumption of reasonableness." *Rita v. United States*, 551 U.S. at 346; *United States v. Vonner*, 516 F.3d at 389-90. Defendant argues, however, that the sentence was substantively unreasonable because the district court allowed a single factor under § 3553(a), Defendant's criminal history, to dominate its determination of an appropriate sentence in this case.

While it is true that a sentence is substantively unreasonable where the district court "fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent fact" (*United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006) (internal quotation marks omitted)), the Sixth Circuit has never held that a district court must give equal weight to the factors under § 3553(a). Indeed, it has expressly rejected this position in *United States v. Benson*, 195 F. App'x 414, 417 (6th Cir. 2006), where the defendant advanced a similar argument to that in the instant case, asserting that the district court "failed to accord equal, or for some factors, any weight to other factors required for consideration pursuant to 18 U.S.C. § 3553(a)." *Benson* held that the Sixth Circuit "is not tasked with demanding that the district judge consider each of the issues enumerated in 3553(a) or engage in a ritualistic incantation of these statutory factors in order to surmount this procedural hurdle." *Id*. (citation omitted).

Furthermore, the cases from other circuits cited by Defendant for the proposition that equal weight must be given to the § 3553(a) factors are inapposite. In *United States v. Carter,* 530 F.3d 565, 578 (7th Cir. 2008), the case was remanded for re-sentencing in light of *Booker*, based on concerns that the Guidelines may have been applied by the trial court in a mandatory fashion. The other case cited by Defendant, *United States v. Abu Ali*, 528 F.3d 210, 265 (4th Cir. 2008), was decided in a very different context from this case. There, the sentence imposed by the judge was a

"major deviation" from the Guidelines, which was based in part on the § 3553(a) factor of the need to avoid sentencing disparities. Unlike the sentence in this case, the sentence was not accorded a "presumption of reasonableness."

Moreover, there are further indications from the record that the court based its sentence on multiple grounds and did not give an unreasonable amount of weight to Defendant's criminal history. The court heard a number of arguments from Defendant as to why the court should grant a variance from the Guidelines. He did so with the clear recognition that the Guideline range was not mandatory. The court addressed each of them in turn, finding none of them to be persuasive. For example, the court rejected Defendant's argument that he should have received a lesser sentence because the case involved circumstances where "there was no injury to the persons in the bank, where all but ten dollars were recovered, and where Defendant escaped the scene, not in car but a bicycle." As discussed earlier herein, the court noted that had a weapon been used and/or someone been injured, the Guidelines would have likely been higher. The court also found the fact that most of the money was recovered to be relevant only to the issue of restitution, since there was no evidence that Defendant was responsible for the money being recovered. Further, the court was not persuaded that the robbery by Defendant was ineffectual because he escaped on a bicycle, inasmuch as this did not diminish the impact on the victim of this face-to face robbery.

The court's answers to all of these arguments and the others raised by Defendant in the context of addressing the factors under 18 U.S.C. § 3553(a) were clear and well-reasoned. Giving the sentence herein the presumption to which it is entitled, we find that the district court did not abuse its discretion. Thus, we affirm the sentence of 240 months imposed by the district court. The United States concedes that a three-year term of supervised release should have been imposed

-9-

instead of the five years that was imposed in this case. In light of this concession, we hereby REVERSE the district court's sentencing decision imposing a five-year period of supervised release and remand the case back to the district court for re-sentencing in regard to the term of supervised release.

## IV. CONCLUSION

We hereby **AFFIRM** the district court's sentence of 240 months' incarceration. However, we **REVERSE** the district court's imposition of a five-year period of supervised release to be served following Defendant's incarceration and **REMAND** the case back to the district court for re-sentencing in regard to this latter issue.