**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0684n.06

No. 08-6241

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Oct 14, 2009**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,      )
                               )
   Plaintiff-Appellee,         )
                               )
      v.                     )  ON APPEAL FROM THE
                               )  UNITED STATES DISTRICT
                               )  COURT FOR THE EASTERN
DANA SCOTT RICHARDSON,         )  DISTRICT OF TENNESSEE
                               )
   Defendant-Appellant.        )
                               )

BEFORE: GILMAN and GRIFFIN, Circuit Judges, and STEEH, District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Dana Scott Richardson appeals his 160-month prison sentence and lifetime term of supervised release as procedurally and substantively unreasonable after pleading guilty to distributing child pornography transported in interstate commerce by computer in violation of 18 U.S.C. § 2252(a)(2)(A). Richardson argues that the length of his sentence is greater than necessary to achieve the sentencing objectives set forth in 18 U.S.C. § 3553(a). We disagree and affirm.

I.

On June 12, 2006, an FBI agent entered an internet chat room and observed a message that invited persons to trade child pornography by downloading a file-sharing program. The agent

_____

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

successfully downloaded the program, accessed Richardson's computer, and downloaded 305 images of minors engaging in sexually explicit conduct. The FBI obtained and executed a federal search warrant at Richardson's residence and seized his computer and related equipment. During the search, Richardson admitted to agents that he used the file-sharing program to download and trade child pornography on the Internet.

Richardson pled guilty to distributing child pornography transported in interstate commerce by computer in violation of 18 U.S.C. § 2252(a)(2)(A). The presentence report ("PSR") determined that Richardson's base offense level was 22 pursuant to U.S.S.G. § 2G2.2(a)(2), Trafficking in Material Involving the Sexual Exploitation of a Minor, and assessed his criminal history at Category I (based on 1 criminal history point). The PSR recommended a five-level enhancement under § 2G2.2(3)(B) because his offense involved the distribution of child pornography for "a thing of value," namely, the images he obtained from others by sharing his images. The PSR also recommended a four-level enhancement under § 2G2.2(b)(4) because the images included depictions of violence. In addition, the PSR applied a two-level enhancement pursuant to § 2G2.2(b)(6) because the offense involved the use of a computer and a four-level enhancement under § 2G2.2(b)(7)(C) because the offense involved at least 300 but fewer than 600 images. The PSR afforded a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a)-(b), yielding a total offense level of 34 and an advisory Guidelines range of 151 - 188 months of imprisonment.

The district court conducted Richardson's sentencing on September 30, 2008. Following extensive argument by the parties, the district court imposed a within-Guidelines sentence of 160 months of imprisonment and a lifetime term of supervised release.

This appeal follows.

## II.

We review the district court's sentencing decisions for reasonableness under an abuse-of-discretion standard. *United States v. Bates*, 552 F.3d 472, 476 (6th Cir. 2009) (quoting *Gall v. United States*, 128 S. Ct. 586, 594 (2007)); *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). Reasonableness review has both a procedural and a substantive component. *United States v. Sedore*, 512 F.3d 819, 822 (6th Cir. 2008). This court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall*, 128 S. Ct. at 597. If the sentence is procedurally sound, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* We apply a presumption of substantive reasonableness to sentences that fall within the applicable Guidelines range. *Sedore*, 512 F.3d at 823.

## III.

Richardson asserts four arguments on appeal. First, he claims that the district court did not articulate the specific weight it attributed to each § 3553(a) factor when imposing his sentence.

Next, he argues that the district court erroneously relied upon § 2G2.2 as its "starting point" when fashioning his within-Guidelines sentence, which he claims is contrary to *United States v. Booker*, 543 U.S. 220 (2005). He also asserts that his 160-month prison term is substantively unreasonable because there exists a significant disparity in the length of prison sentences imposed for similar conduct in the Eastern District of Tennessee. Finally, he contends that a lifetime term of supervised release, imposed pursuant to 18 U.S.C. § 3583(k), is substantively unreasonable because it is greater than necessary to fulfill the purposes of sentencing set forth in § 3553(a).

A.

The district court correctly calculated the Guidelines range, treated the range as advisory, considered the 18 U.S.C. § 3553(a) factors, and explained the sentence it imposed. Nevertheless, Richardson argues that the district court's explanation of his sentence was procedurally unreasonable because it failed to articulate the weight it assigned to each § 3553(a) factor. In addition, he argues the district court erred because it employed § 2G2.2 as its "starting point" when fashioning his sentence.

According to *United States v. Bostic*, "[i]f a party does not clearly articulate any objection and the grounds upon which the objection is based, when given [a] final opportunity [to] speak, [] that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal." *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004); *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (applying *Bostic* rule to

procedural- reasonableness claims). It is uncontested that Richardson did not object to the district court's explanation of his sentence when it asked the *Bostic* question:

> [District Court]: All right. Mr. Tollison, does the Defendant have any objection to the sentence just pronounced that has not been previously raised?
>
> [Defense Counsel]: No, your Honor.

Under *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008), a party does not forfeit its right to appeal issues "previously raised," but it does undermine its right "to challenge the adequacy of a court's *explanation* for the sentence – an issue that bec[o]me[s] apparent as soon as the court finish[es] announcing its proposed sentence[,] and [] counsel nonetheless decline[s] the court's invitation to address" any errors in the articulation of that sentence. *Vonner*, 516 F.3d at 386. (emphasis added). Thus, errors alleged relating to the district court's explanation of his sentence are subject to plain-error review. To establish plain error, Richardson

> must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected [the] defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings.

*United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008) (quoting *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998)).

The sentencing transcript reveals that the district court engaged in a lengthy discussion of the § 3553(a) factors before imposing his sentence. Richardson is incorrect insofar as he claims that the district court was required to articulate the weight it assigned to each § 3553(a) factor when pronouncing his sentence. We are not "tasked with demanding that the district judge consider each

of the issues enumerated in § 3553(a) equally or engage in a 'ritualistic incantation' of these statutory factors" to conclude that a defendant's sentence is procedurally reasonable. *United States v. Benson*, 195 F. App'x 414, 417 (6th Cir. 2006) (unpublished) (citing *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006)). "Rather, this court should review the proceedings of the lower court to ensure that the judge considered the statutory factors and adequately articulated his rationale such that the resultant sentence, though not what the defendant desired, cannot be faulted as unreasonable for failure to consider issues relevant to § 3553(a)." *Benson*, 195 F. App'x at 417. Because the district court was not required to articulate the weight it assigned to each § 3553(a) factor, Richardson cannot demonstrate error, let alone plain error.

Next, Richardson argues that the district court erroneously relied upon § 2G2.2(a) as its "starting point" when fashioning his within-Guidelines sentence, which he asserts is contrary to *United States v. Booker*, 543 U.S. 220 (2005). We disagree. Although the Sentencing Guidelines are advisory, the Supreme Court has nevertheless instructed the district courts to consult the advisory sentencing range as "the starting point and initial benchmark" of its sentencing analysis. *Gall*, 128 S. Ct. at 596. Thus, this argument plainly lacks merit.

For these reasons, we conclude that Richardson's sentence is procedurally reasonable.

B.

Upon concluding that the sentencing decision is procedurally sound, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Alexander*, 543 F.3d at 822. District courts are charged with imposing "a sentence sufficient, but

not greater than necessary, to comply with the purposes" of sentencing set forth in § 3553(a). We apply a rebuttable presumption of reasonableness for sentences within the Guidelines range. *Sedore*, 512 F.3d at 823.

Richardson argues that the length of his prison term is substantively unreasonable because other defendants in the Eastern District of Tennessee have been sentenced more leniently for substantially similar conduct. Specifically, Richardson identifies two individuals who received shorter prison sentences, his brother, Jason Richardson, and Ronald Reagan. The district court carefully considered Richardson's sentencing- disparity argument, reviewed Jason's and Reagan's presentence reports and sentences, and found that Richardson's conduct was distinguishable and warranted a longer sentence:

> Defendant argues for a below Advisory Guideline sentence based upon recent cases which Defendant suggests are similar to his. In his sentencing memorandum Defendant compared his case to that of Ronald Reagan, sentenced by Judge Phillips on July 24, 2008, and Defendant's brother, Jason Richardson, sentenced by Judge Jordan on April 17th, 2008.
>
> The Court has reviewed each of those cases and determined that the conduct of those defendants is distinguishable from this defendant's conduct and, therefore, a difference in sentence is warranted.
>
> As to Mr. Reagan, though Mr. Reagan agreed that he distributed child pornography, Mr. Reagan's conduct did not involve distribution for pecuniary gain or a thing of value, like Defendant's did, and Mr. Reagan had fewer images, 104, than Defendant did, between 300 and 599.
>
> As to Defendant's brother, Jason Richardson, Mr. Jason Richardson agreed to the factual basis that he, "knowingly downloaded, viewed and possessed images of child pornography," but nothing in Jason Richardson's factual basis established that he distributed child pornography or offered to trade child pornography with others, which distinguishes his conduct from that of the Defendant here.

The Court notes that in those cases both of the respective sentencing judges sentenced – also notes that both sentencing judges sentenced within the Advisory Guideline Range as applicable to those cases; in those instances, at the low or bottom end of the Advisory Guideline Range.

In comparison to the relevant conduct in that case, as the Government noted in its reply to sentencing memorandum, the facts in this case as set forth in the plea agreement, as well as in the offense conduct outlined in the pre-sentence report, establishes, among other things, the Defendant entered a chat room entitled "100%teensexpics," p-i-c-s, on the Internet and solicited to trade child pornography over the Internet via a file-sharing program.

An undercover agent was able to accept the Defendant's file server and freely download images of children engaged in sexually explicit conduct. Defendant's computer was later seized pursuant to a federal search warrant and forensically examined.

The forensic examination of his computer confirmed that he had distributed child pornography over the Internet; that during execution of the search warrant the Defendant admitted to the investigating agent that he had operated a file-sharing software in order to share or distribute child pornography over the Internet with others.

Earlier at the sentencing hearing Defendant also mentioned other defendants recently sentenced by this court and argues that those cases support a below Advisory Guideline Range sentence as well. However, based upon the Court's recollection and review of those cases, none of those defendants were involved in the distribution of child pornography similar to the offense conduct here such as would warrant an argument of unwarranted sentence disparity.

Additionally, the defendants in each of those cases, except for Derrick Blackmon, in Case 3:06-cr-96, were sentenced with a term of imprisonment within the Advisory Guideline Range calculated based upon their conduct and offense of conviction. Mr. Blackmon was sentenced below the guideline range but at the statutory maximum for his offense.

Based upon the Court's consideration therefore of Defendant's argument, in particular his request for a variance based upon alleged unwarranted sentencing disparities that would result from a within Advisory Guideline Range sentence in this case, the Court would respectfully deny Defendant's requested variance.

Section 3553(a)(6) of Title 18 informs the district court of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of *similar* conduct[.]" 18 U.S.C. § 3553(a)(6) (emphasis added). Richardson has not identified an individual who received a more lenient sentence that is guilty of similar conduct, specifically, distribution of child pornography for a thing of value. The record clearly demonstrates that the district court engaged in a thorough analysis of defendant's request for a variance pursuant to § 3553(a)(6). Thus, the district court did not abuse its discretion in declining to vary from the advisory Guidelines range based upon the alleged disparity. *See United States v. Cage*, 458 F.3d 537, 542 (6th Cir. 2006).

Finally, Richardson contends that his lifetime term of supervised release, imposed pursuant to 18 U.S.C. § 3583(k), is substantively unreasonable because it is greater than necessary to fulfill the purposes of sentencing set forth in § 3553(a). Again, the district court engaged in a detailed analysis of the § 3553(a) factors before pronouncing Richardson's supervised release sentence:

> As to the issue of sentencing disparities, that issue is also raised somewhat in the Court's consideration of a term of supervised release in this case, and the applicable period, statutory period, being from five years to life.
>
> The Court also does not believe that a supervised release term of greater than ten years would result in unwarranted sentencing disparities in this case, the Court being mindful of the lack of objection to that term by the Government, but it being the Court's duty to fashion a sentence inclusive of supervised release that would be sufficient but not – that would be sufficient to comply with the purposes of Section 3553.
>
> In looking at this issue, the Court first would note that while Mr. Reagan and Mr. Jason Richardson were given supervised release terms by their respective sentencing judges of ten years, other cases cited to this court by Defendant's counsel, some included supervised release terms of ten years up to life based upon the facts and circumstances relevant to those cases.

Next, in particular to this case, the Court has already noted that Defendant has not participated in a current psychosexual evaluation and that the extent of his deviant sexual behavior is unknown. However, as established in the pre-sentence report, the Defendant was evaluated in 1990, and from that evaluation it is established through the pre-sentence report the Defendant had serious problems at an earlier age that had been left untreated.

Based upon this evaluation and the offense of conviction, safety of the community is a strong consideration for the sentence to include a significant term of supervised release in this case.

* * *

[T]he Court will impose in this case a supervised release term of life for all the reasons previously discussed, and in particular, given the lack of treatment and the need to provide the Defendant with treatment both – with treatment both during a period of incarceration as well as during a period of supervised release, and based upon the particular offense conduct herein relating to, among other things, the number of images, the offer to trade or distribute, the type and extent of images and other relevant conduct.

On this record, we do not consider the district court's supervised-release decision substantively unreasonable. "Congress insists that lifetime supervision be available to courts in sentencing sexual offenders: . . . 18 U.S.C. § 3583(k) expressly authorize[s] the court to subject [Richardson] to a life term of supervised release because [his] crime constituted a violation of 18 U.S.C. § 2252A." *United States v. Kennedy*, 499 F.3d 547, 553 (6th Cir. 2007). In this regard, Congress provided for lifetime supervision for sexual crimes because

[of the] long-standing concerns of Federal judges and prosecutors regarding the inadequacy of the existing supervision periods for sex offenders, particularly for the perpetrators of child sexual abuse crimes, whose criminal conduct may reflect deep-seated aberrant sexual disorders that are not likely to disappear within a few years of release from prison.

H. R. Rep. No. 108-66, at 49-50 (2003) (Conf. Rep.), *reprinted in* 2003 U.S.C.C.A.N. 683, 684. The Sentencing Guidelines also reflect this concern. Section 5D1.2 of the Guidelines provides that for "a sex offense, however, [lifetime] . . . supervised release is recommended." U.S.S.G. § 5D1.2 (Policy Statement). "[R]eading 18 U.S.C. § 3583(k) together with the policy statement in § 5D1.2[] indicates that [] Congress and the Sentencing Commission intended to impose life terms of supervised release on sex offenders." *Kennedy*, 499 F.3d at 553 (citing *United States v. Allison*, 447 F.3d 402, 405 (6th Cir. 2006) (internal quotation marks omitted)). In light of these concerns, and the district court's individualized assessment of Richardson's conduct, we conclude that a lifetime term of supervised release is substantively reasonable.

IV.

For these reasons, we affirm the judgment of the district court.