**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0210n.06

No. 08-6426

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 06, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff -Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD R. MARTIN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

**ON APPEAL** FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

**O P I N I O N**

---

**BEFORE:  COLE, GILMAN, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.**  Donald R. Martin ("Martin") was charged with violating 18 U.S.C. §§ 2251(a) (production of child pornography) and 2252(a)(4)(B) (possession of child pornography).  He pled guilty, and based on a Guideline calculation range of 324-405 months, received a sentence of 360 months.  On appeal, this Court identified an error in the calculation of the Guideline range, and remanded for resentencing.  *United States v. Martin* (*Martin I*)*,* 291 F. App'x 765, 772 (6th Cir. 2008).  On remand, the Guideline range was recalculated as 235-293 months. The district court imposed a within-Guideline sentence of 284 months that was nevertheless higher than the sentence Martin requested.  Martin appeals, claiming both procedural and substantive error. We **AFFIRM**.

**I.**

After two juveniles informed their school counselor and the Rockcastle County Sheriff's Department that they had been photographed nude, deputies obtained and executed a search warrant for Martin's residence. The search yielded disks containing photographs and videos of naked minors, props used in their production, and child pornography images downloaded from the internet. Three victims were eventually identified, all of whom provided information to investigators regarding Martin's involvement in the production of child pornography.[1]

**II.**

At the resentencing hearing, Martin's attorney argued, without citation or support, that *Martin I* implied that the district court should impose a "sentence somewhere in the middle" of the corrected Guideline range, and requested a sentence of 260 months. Martin addressed the court himself, apologized for his crimes, and reported that he had begun working towards obtaining his GED degree and was on a waiting list for a sex-offender class. The government requested a sentence "at the top of [the] guideline range." The district court then addressed the sentencing factors and Martin's request for a mid-range sentence, and imposed a sentence of 284 months,[2] finding it to be "sufficient but not greater than necessary to comply with the purposes of Title 18, Section 3553(a)(2)." The district court also "recommend[ed] that the defendant during his term of

---

[1]Further exposition of the facts leading to Martin's conviction can be found in this Court's opinion in Martin's first appeal. *Martin I*, 291 F. App'x at 766-67.

[2]Martin was sentenced to 284 months on Count 1 and 120 months on Count 2, to run concurrently. The district court also imposed concurrent lifetime sentences of supervised release on each count, a $200 assessment, and required Martin to forfeit property he used in the production of the illegal photographs and videos pursuant to 18 U.S.C. § 2253.

imprisonment participate in the Bureau of Prisons sex offender treatment program . . . and that he

participate in the education program working toward completion of his GED . . . ." The district court

waived the fine requirement because it did not believe that Martin had the ability to pay. Martin

timely appealed.

**III.**

Martin argues that the district court committed both procedural and substantive error. In the

district court, Martin objected to the length of his sentence, but stated that he had no objections to

the sentencing procedures. We therefore review his claim of substantive error for reasonableness

and his claim of procedural error for plain error. *United States v. Simmons*, 587 F.3d 348, 353 (6th

Cir. 2009). A reasonableness review is the same as a review for abuse of discretion. *United States

v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007).

**A. Procedural Reasonableness**

A resentencing hearing requires just as full a consideration of the 18 U.S.C. § 3553(a) factors

as does an initial sentencing hearing. *United States v. Thomas*, 498 F.3d 336, 340-41 (6th Cir. 2007).

"[A] sentence may be procedurally unreasonable if the district court did not consider the applicable

Guidelines range or neglected to consider the factors set forth in 18 U.S.C. § 3553(a), and instead

simply chose a sentence that the judge deemed appropriate." *United States v. Vowell,* 516 F.3d 503,

510 (6th Cir. 2008). A district court's consideration of the 18 U.S.C. § 3553(a) factors must "explain

its reasoning to a sufficient degree to allow for meaningful appellate review" and "set forth enough

facts to satisfy this court that it considered the parties' arguments and had a reasoned basis for

exercising its own legal decision-making authority." *Id.* at 510. This Court has also held that when a sentence imposed by a court is within the Guidelines, the explanation for the sentence generally "need not be lengthy." *United States v. Wilms,* 495 F.3d 277, 280 (6th Cir. 2007). As reflected in the sentencing transcript, the district court expressly considered: "[t]he harm in this particular case," *see* 18 U.S.C. § 3553(a)(1) & (a)(2)(A); that Martin's crimes were a "very serious offense," and therefore an offense that needed a "lengthy sentence in order to deter not just the defendant . . . but to deter others as well," *see* 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (a)(2)(B); that "[s]tatistical information that is available indicates that individuals that commit these types of crimes . . . tend to be repeat offenders," *see* 18 U.S.C. § 3553(a)(2)(C); that the court hoped that "when the defendant completes the program that he's not enrolled in yet, but hopes to enroll in, then he will be able to avoid future problems when he is released . . . ," and recommended that Martin "participate in the Bureau of Prisons sex offender treatment program . . . and that he participate in the education program working toward completion of his GED," *see* 18 U.S.C. § 3553(a)(2)(D); "the need to avoid unwarranted sentencing disparities," *see* 18 U.S.C. § 3553(a)(6); the Guidelines range, *see* 18 U.S.C. § 3553(a)(4); and that a fine would be futile because "this defendant does not have the ability to pay a fine," *see* 18 U.S.C. § 3553(a)(1). Thus, the district court expressly addressed the majority of the §3553(a) factors, and also stated that it had considered all of the § 3553(a) factors, thereby providing sufficient analysis to facilitate our review.

Martin also argues that the district court failed to consider his arguments for a lower sentence. The extent of Martin's attorney's argument regarding what sentence the district court should impose

was that he interpreted this Court's prior opinion to imply a "sentence somewhere in the middle" of the Guideline range. He then stated: "A sentence of 260 months would be dead center of the guidelines, and we would ask the Court to impose that factor [*sic*]." Martin then addressed the court on his own behalf. The entirety of his statement was:

> Your Honor, the first thing I want to do is apologize to the courts on my behalf. What I did was wrong and I know it, and do my prison time. In the last couple of years, I've had time to think about what I have done and I'm very sorry it happened and I've been doing everything in the prison that I can possibly do, I've been programming and doing what I need to do and keep myself clean and doing everything you've asked of me. I've got into education for my GED and I signed up for the sex education class, and there is a waiting period there, so—but I am on the list, and, once again, I apologize.

Martin's attorney's request for a sentence of 260 months was a request without supporting argument. The district court adequately addressed the request when it stated that it would "not impose a sentence at the mid-range that has been requested by the defendant . . . ." Further, the transcript of the resentencing hearing shows that the court did address the points raised by Martin himself. Specifically, the district court stated:

> Mr. Martin has expressed regret and remorse for his actions, and the Court takes him at his word when he says that he's sorry and he's attempting to turn himself around and to better himself through GED and through other programs that are offered through the Bureau of Prisons, and I'm certainly hopeful that he completes all those programs that are offered.

The district court also noted that it was not required to consider Martin's conduct since his first sentencing hearing, but would do so anyway, and explained that such conduct was the reason it did not "impose a sentence above the guideline range and really not at the very top of the guideline range . . . ."

Because the district court sufficiently addressed the 18 U.S.C. § 3553(a) factors to allow for review and responded to Martin's arguments for a lower sentence, it did not commit procedural error, plain or otherwise.

## B. Substantive Reasonableness

This Court "afford[s] sentences within the applicable Guidelines range the presumption of reasonableness." *Vowell*, 516 F.3d at 509. When reviewing a sentence for substantive reasonableness, this Court "consider[s] more than simply the length of the sentence"; it also considers "the factors the district court evaluated in determining its sentence." *Id.* at 510. "A sentence may be substantively unreasonable if the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Id.* (quoting *United States v. Smith*, 474 F.3d 888, 894 (6th Cir. 2007)). However, this Court "do[es] not require a mechanical recitation of the § 3553(a) factors," but rather "an explanation of why the district court chose the sentence that it did." *Id.* That this Court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* at 511. Further, that a district court "did not give a defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006).

Martin claims that his sentence is substantively unreasonable because the district court gave unreasonable weight to the factor stated at 18 U.S.C. § 3553(a)(6), "the need to avoid unwarranted

sentencing disparities among defendants with similar records who have been found guilty of similar conduct," and also that the district court misapplied that factor by controlling for disparities among similar defendants who had come before that court, as opposed to applying a national standard.

The record does not support these claims. As discussed above, the record demonstrates that the district court considered a number of the § 3553(a) factors. Further, assuming, arguendo, that the district court afforded more weight to § 3553(a)(6) than to other factors, as opposed to simply spending more time discussing that factor, "the Sixth Circuit has never held that a district court must give equal weight to the factors under § 3553(a)." *United States v. Thomas*, 337 F. App'x 505, 510 (6th Cir. 2009). In fact, it has expressly rejected this position. *Id.*; *United States v. Webb*, 403 F.3d 373, 385 n.9 (6th Cir. 2005) ("[W]e decline to indicate what weight the district courts must give to the appropriate Guidelines range, or any other § 3553(a) factor . . . .").

We also find that the district court did not err in applying the sentencing-disparity factor. The district court noted that this factor "looks first to national disparities" but "does not prohibit the Court from looking at other disparities, such as disparities within a particular case involving multiple defendants or even disparities within the district, the Eastern District of Kentucky or within the Sixth Circuit, in determining what other individuals are receiving for these offenses." In *United States v. Presley,* 547 F.3d 625, 631 (6th Cir. 2008), this Court explained:

> We have noted that subsection 3553(a)(6) is concerned with national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct. Because § 3553(a)(6) is not concerned with disparities between one individual's sentence and another individual's sentence, despite the fact that the two are co-defendants, the district court is not *required* to consider that type of disparity

under § 3553(a)(6). A district judge, however, *may* exercise his or her discretion and determine a defendant's sentence in light of a co-defendant's sentence.

(internal citation, quotation marks, and brackets omitted) (emphasis in original); *see also United States v. Brewer,* 332 F. App'x 296, 307 (6th Cir. 2009) (district court may consider local disparities); *cf. United States v. Conatser,* 514 F.3d 508, 521 (6th Cir. 2008) (noting § 3553(a)(6)'s concern with national disparities and that "[d]isparties between the sentences of coconspirators can exist for valid reasons"). Thus, the district court's consideration of sentencing disparities other than on a national basis was not improper.[3]

Martin's arguments fail to overcome the presumption of reasonableness to which the district court's within-Guidelines sentence is entitled.

We AFFIRM the judgment of the district court.

---

[3] Martin does not argue that his sentence is disparate at a national level.