NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0017n.06

No. 12-6128

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 14, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| BILLIE LOU MOSLEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COOK, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM. Billie Lou Mosley conspired with her husband and son to distribute oxycodone pills in violation of 21 U.S.C. § 846. While in federal custody awaiting sentencing, she also attempted to obtain marijuana in violation of 18 U.S.C. § 1791. She pled guilty to both charges.

Mosley's presentence report (PSR) was thereafter amended five times. The Third Addendum to her presentence report recommended that the district court group Mosley's drug offenses under § 3D1.2(d) for the purpose of determining the aggregate quantity of drugs involved. The Fourth Addendum ungrouped the offenses; but then the Fifth Addendum regrouped them again, without explaining which subpart of § 3D1.2 should apply. During Mosley's sentencing hearing, the district court grouped Mosley's offenses and stated that it accepted the PSR in full. But the court did not state which section of the guidelines it used to group the offenses—an omission resulting from Mosley's own failure to object to the grouping in the district court. (She objects to it here.). In any

event, after grouping the offenses, the court enhanced Mosley's sentence four levels for her leadership role in the marijuana-contraband offense. As a result, her guidelines range was 97 to 121 months' imprisonment. The district court sentenced Mosley to 97 months' imprisonment for the conspiracy offense and 12 consecutive months for the contraband offense. Mosley appealed her sentence for the conspiracy offense but did not appeal the contraband judgment.

On appeal, the parties' positions with respect to the calculation of Mosley's guidelines range have changed as often as her PSR did. As to the grouping of Mosley's offenses in particular, the government has offered no less than four different—and conflicting—explanations for the district court's calculation of Mosley's guidelines range. One position came in the government's merits brief; another came in letter briefing requested by our court; another came at oral argument; and yet another followed in an unsolicited letter afterward. Mosley too has repeatedly shifted her arguments before our court, particularly with respect to her leadership enhancement. The result is a singularly confused record on appeal.

A predicate for our review of a sentence under 18 U.S.C. § 3742(f) is that the record allow for "meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007). Absent such a record—such as, for example, when the district court does not "adequately explain the chosen sentence[,]" *id.*—a sentence is procedurally unreasonable. *See United States v. Barahona-Montenegro*, 565 F.3d 980, 985–86 (6th Cir. 2009). Here, the record does not allow us to determine the specific grounds on which the district court grouped Mosley's offenses and otherwise determined her guidelines range. Those issues, moreover, involve a complicated interplay

between numerous provisions of the guidelines.  We therefore conclude, as we did in another recent case, that "a remand is warranted to reduce confusion and ensure correctness."  *U.S. v. Sanders*, 472 Fed. Appx. 376, 382 (6th Cir. 2012).

We vacate Mosley's sentence on grounds that it is procedurally unreasonable, and remand her case for clarification of the district court's reasoning with respect to its calculation of Mosley's guidelines range and for any other proceedings the district court thinks appropriate.

GRIFFIN, Circuit Judge, concurring in the judgment.

I agree with the majority that we should vacate Mosley's sentence and remand the case for resentencing. However, I write separately to respectfully disagree with the majority's rationale. The majority holds that Mosley's sentence is procedurally unreasonable because the record—in their estimation—does not allow for a meaningful review of the district court's calculation of Mosley's Guidelines range. I disagree. In my view, the record is sufficiently developed, and it shows that Mosley's sentence is procedurally unreasonable because the district court plainly erred by grouping her offenses under U.S.S.G. § 3D1.2(d). Accordingly, I would vacate Mosley's sentence on this basis and not for the reasons articulated by the majority.

I.

Billie Lou Mosley was indicted, along with her husband, Arnold Mosley, Jr., and her son, Arnold Mosley, III, for conspiring to distribute and distributing oxycodone in violation of 18 U.S.C. §§ 841(a)(1) and 846.[1] She pleaded guilty to the conspiracy charge. While in federal custody awaiting sentencing, she attempted to obtain marijuana for herself, her husband, and her son. Thereafter, in a separate case with a separate indictment, she was charged, along with her husband and son, with attempting to possess contraband while in federal custody in violation of 18 U.S.C. § 1791(a)(2). (E.D. Ky. docket 7:12-cr-00007-ART-EBA-4) She pleaded guilty to the prison contraband charge. (E.D. Ky. docket sheet 7:12-cr-00007-ART-EBA-4)

---

[1]Unless otherwise indicated, all record citations are to E.D. Ky. docket sheet 7:11-cr-00025-ART-EBA-2.

After granting two continuances on the sentencing in Mosley's conspiracy case because of the complications arising from the intervening contraband case, the district court consolidated her cases for sentencing purposes. The court explained that "sentencing . . . Mosley in separate sentencing proceedings would create unwarranted sentencing disparities unless the Court varied upward on her separate sentences." The court expressed concern that Mosley's offenses should be grouped because the court had already done so with her son and there was "no reason to treat . . . Mosley any differently than her co-defendant." The court also added that grouping avoided unwanted sentencing disparities between Mosley and similarly-situated defendants nationwide.

The court grouped Mosley's offenses under U.S.S.G. § 3D1.2(d) by adopting the probation department's presentence investigation report in full.[2] Although the government charged Mosley in two separate indictments, the report noted that the introductory commentary to the grouping rules provides that a sentencing court may determine "a single offense level that encompasses all the counts of which the defendant is convicted, including multiple counts of conviction contained in different indictments for which sentences are to be imposed at the same time or in a consolidated proceeding." The offense level for the conspiracy charge was calculated under § 2D1.1, whereas the level for the contraband charge was initially determined under § 2P1.2. However, because the probation department concluded—without objection from Mosley—that the object of the contraband offense was the distribution of controlled substances, a cross-reference in § 2P1.2(c)(1) applied,

---

[2]The district court used the 2011 edition of the Guidelines manual in this case; all Guideline citations in this opinion are to that edition.

which states that the offense level is calculated under § 2D1.1. Therefore, because the offense level for both offenses was calculated under § 2D1.1, which sets the base offense level based on the amount of drugs involved, the report concluded that both "counts of conviction are . . . grouped per U.S.S.G. § 3D1.2(d), as the offense level is determined largely on the basis of the quantity of substance involved or some other measure of aggregate harm."

Because the counts were grouped under § 3D1.2(d), pursuant to § 3D1.3(b), the base offense level for the group became the highest offense level of the counts in the group, which was 26 on the conspiracy charge. Over Mosley's objection, 4 levels were then added to the group under § 3B1.1(a) for her leadership role in the contraband offense (she argued for only a 3-level enhancement). And although 2 more levels were added under § 2D1.1(b)(4) because the object of the contraband offense was the distribution of a controlled substance in prison, 2 levels were removed as Mosley accepted responsibility for the offense under § 3E1.1(a). The final offense level for the group was 30. With a criminal history category of I, Mosley's Guidelines range was 97 to 121 months of imprisonment. The district court sentenced Mosley to 97 months on the conspiracy charge and 12 consecutive months on the contraband charge, for a total of 109 months. Other than her objection to the leadership role enhancement, Mosley had no other objections to her sentence. Mosley timely appealed her sentence in the conspiracy case but not in the contraband case because her plea agreement in that case prohibited her from appealing any sentence that was 12 months or less. (E.D. Ky. docket 7:12-cr-00007-ART-EBA-4)

II.

Mosley argues that her sentence on the conspiracy charge is procedurally unreasonable because the district court miscalculated her Guidelines range by grouping this offense with the contraband offense under § 3D1.2(d). She explains that the charges should not have been grouped because offenses involving the § 2P1.2 Guideline—here, the contraband charge—are specifically excluded from grouping under § 3D1.2(d). *See* U.S.S.G. § 3D1.2(d) ("Offenses . . . [s]pecifically excluded from operation of this subsection are: [§ 2P1.2]."). The government disputes whether the contraband offense actually falls under § 2P1.2 and is therefore within the exclusion. The government's argument—which tracks the presentence investigation report but adds a level of detail not found in the report—is that the contraband offense is "covered by" § 2D1.1 based upon the cross-reference in § 2P1.2(c)(1), which states that if "the object of the [contraband] offense was the distribution of a controlled substance, apply the offense level from § 2D1.1," and the general cross-reference rule in § 1B1.5(c), which states that if "the offense level is determined by a reference to another guideline[,] the adjustments in Chapter Three (Adjustments) also are determined in respect to the referenced offense guideline, except as otherwise expressly provided." The government concludes that because counts involving § 2D1.1 expressly group under § 3D1.2(d), *see id.* § 3D1.2(d) ("Offenses covered by the following guidelines are to be grouped under this subsection: [§ 2D1.1]"), and because both of Mosley's offenses are "covered by" § 2D1.1, the district court properly grouped her offenses under this subsection.

We review a district court's sentencing decision for reasonableness, which has both procedural and substantive components. *United States v. Coleman*, 664 F.3d 1047, 1048 (6th Cir. 2012). A district court commits an unreasonable procedural error by improperly calculating a defendant's Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Stubblefield*, 682 F.3d 502, 510 (6th Cir. 2012) ("If the district court misinterprets the Guidelines or miscalculates the Guidelines range, then the resulting sentence is procedurally unreasonable."). When a defendant challenges the district court's calculation of the applicable Guidelines range, the court's legal interpretations of the Guidelines are reviewed de novo and its factual findings are reviewed for clear error. *Stubblefield*, 682 F.3d at 510. However, if this challenge is raised for the first time on appeal—as is the case here—we are limited to plain-error review. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Plain error is "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks and citation omitted). We notice such error "only in exceptional circumstances" and "only where the error is so plain that the trial judge . . . [was] derelict in countenancing it." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (internal quotation marks and citation omitted).

Given the peculiar circumstances of this case, it appears that the district court plainly erred by grouping Mosley's offenses under § 3D1.2(d). The Guidelines instruct a sentencing court to group "closely related counts" involving "substantially the same harm" under § 3D1.2. U.S.S.G. §§ 3D1.1(a)(1), 3D1.2. Section 3D1.2 contains four subsections, (a) through (d), each of which

contain a different situational example of counts involving "substantially the same harm." *See id.* § 3D1.2(a)–(d). Of these four situations, only the one found in subsection (d) is pertinent here because the government has conceded that subsections (a), (b), and (c) are inapplicable.[3] Thus, it is undisputed that the conspiracy count and the contraband count do not involve the same victim, *see id.*§ 3D1.2(a)–(b), the counts are not connected by a common criminal objective or are part of a common scheme or plan, *see id.* § 3D1.2(b), nor does one count embody conduct that is treated as a specific offense characteristic in, or other adjustment to, the Guideline applicable to the other count, *see id.* § 3D1.2(c).

Under subsection (d), counts contain "substantially the same harm" if "the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." *Id.* § 3D1.2(d).

---

[3]Before oral argument, there was significant confusion regarding the parties' exact positions on the grouping issue. Mosley originally argued that her counts do not group under any subsection of § 3D1.2. The government responded that they group under subsections (a), (b), and (c), but did not squarely argue grouping was proper under subsection (d), specifically noting that § 2P1.2 offenses are excluded from grouping under subsection (d). In response to the court's supplemental briefing question asking whether Mosley's counts group under subsection (c) by operation of the cross-reference to this grouping rule in the second application note to § 2P1.2, the government changed its position, conceding that Mosley's counts do not group under subsections (a), (b), or (c). However, it advanced a new argument that grouping was proper under subsection (d). The parties addressed the government's new position at oral argument and with post-argument letter briefs. While there may have been some initial uncertainty, it is now clear that the parties dispute only whether Mosley's counts group under subsection (d).

Expressly *included* under the subsection are offenses "covered by"§ 2D1.1; expressly *excluded* are

offenses under § 2P1.2. *Id.*

In this case, the district court did not address the express prohibition on grouping § 2P1.2

offenses under § 3D1.2(d). Section 2P1.2 applies to Mosley's contraband offense because she was

convicted under 18 U.S.C. § 1791. U.S.S.G. App. A. However, because the object of the offense

was the distribution of marijuana, § 2P1.2(c)(1) instructs that the base offense level is determined

under § 2D1.1. And because the base offense level for the contraband offense is determined by

cross-reference to § 2D1.1, § 1B.5(c) mandates that the grouping adjustments to the offense are

determined as if it was a § 2D1.1 offense, "except as otherwise expressly provided." Here,

§ 3D1.2(d) expressly provides otherwise: "Offenses . . . [s]pecifically excluded from the operation

of this subsection are: [§ 2P1.2]." The specific command not to group § 2P1.2 offenses under

§ 3D1.2(d) overrides the general instruction in § 1B1.5(c) to treat offenses that fall under

§ 2P1.2(c)(1) as § 2D1.1 offenses for grouping purposes, which are expressly included under

§ 3D1.2(d). *See United States v. Perry*, 360 F.3d 519, 535 (6th Cir. 2004) ("One of the most basic

canons of statutory interpretation is that a more specific provision takes precedence over a more

general one."). In other words, § 1B.5(c) instructed the district court to treat Mosley's § 2P1.2

contraband offense as a § 2D1.1 offense for grouping purposes but only if the Guidelines did not

provide otherwise. Here, the Guidelines provided otherwise, and the district court did not account

for the exclusion in its grouping decision, most likely because neither the parties nor the probation

department raised the issue. *See United States v. Anderson*, 526 F.3d 319, 328 (6th Cir. 2008)

(finding that the district court erred by not applying the "except as otherwise expressly provided" language in § 1B1.5(c)). Likewise, the "specific governs the general" principle applies with equal force when the express exclusion of § 2P1.2 offenses is considered against the general inclusion of counts under § 3D1.2(d) which have an offense level determined on the basis of the quantity of a substance involved.

The government unpersuasively avoids the exclusion of § 2P1.2 offenses under § 3D1.2(d) by insisting that Mosley's contraband offense is actually a § 2D1.1 offense through a combined application of § 2P1.2(c)(1) and § 1B1.5(c). This argument ignores both the "except as otherwise expressly provided" language in § 1B1.5(c) and the unambiguous prohibition of grouping § 2P1.2 offenses under § 3D1.2(d). Moreover, I decline to adopt the over-reaching interpretation that is the necessary conclusion of the government's position: all § 2P1.2 offenses involving the distribution of controlled substances are § 2D1.1 offenses for grouping purposes. Such an interpretation effectively rewrites the Guidelines to say something that they plainly do not. Under the circumstances presented, the district court clearly erred in grouping Mosley's offense under § 3D1.2(d) because § 2P1.2 offenses are expressly and unambiguously excluded from grouping under that subsection.

The district court's error is understandable given that the parties incorrectly assumed grouping was proper. However, it nevertheless affected Mosley's substantial rights. Absent the grouping error, and before any acceptance of responsibility reductions are considered, the Guidelines

sentencing range on the conspiracy charge would have been 63 to 78 months, not 97 to 121 months.[4]

The difference is substantial: 34 months on the low-end, 43 months on the high-end, and a 19

month difference between the high-end of the properly calculated range and the low-end of the

wrongly calculated range. "Failure to apply the correct Guidelines range generally constitutes plain

error." *United States v. McCloud*, 730 F.3d 600, 603 (6th Cir. 2013). Such is the case here,

particularly because the Guidelines application error resulted in a considerably higher range. *See*

*United States v. Baker*, 559 F.3d 443, 454 (6th Cir. 2009) (defendant's substantial rights affected

where district court's misapplication of the Guidelines increased the low-end of the sentencing range

by 27 months and the high-end by 35 months); *United States v. Story*, 503 F.3d 436, 440 (6th Cir.

2007) (22-month difference between low-end of the properly calculated range and the wrongfully

calculated range affected defendant's substantial rights); *see also United States v. Martin*, 291 F.

App'x 765, 766 (6th Cir. 2008) (improper application of § 3D1.2 which resulted in a significantly

higher Guidelines range justified a remand for resentencing). Given that the district court's starting

---

[4]The base offense level for the conspiracy charge is 26. If Mosley's counts are not grouped under § 3D1.2(d), the 4-level leadership enhancement on the contraband charge has no effect on Guidelines range for the conspiracy charge, which is 63 to 78 months. U.S.S.G. Ch. 5, Pt. A, Sentencing Table. However, if her counts are grouped under § 3D1.2(d), pursuant to § 3D1.3(b), the base offense level for the group is the highest offense level of the counts in the group, which would be 26 on the conspiracy charge. Then, although the leadership enhancement arises only from her contraband charge, under application note three to § 3D1.3, 4 levels are added to the base offense level of the group because leadership enhancements are applied "based upon the combined offense behavior taken as a whole." *Id.* § 3D1.3, cmt. n.3. This raises her offense level to 30 and results in a Guidelines range of 97 to 121 months. *Id.* Ch. 5, Pt. A, Sentencing Table. Thus, the improper grouping effectively treated Mosley as if she was the leader of an oxycodone conspiracy, which the government agrees she was not.

point was incorrect, and that the court sentenced Mosley at the lowest end of the wrongly computed range, the court's miscalculation almost certainly increased the length of Mosley's sentence, which negatively impacts both her substantial rights and the integrity of the judicial proceeding. *See Baker*, 559 F.3d at 454 ("[A]n error in the calculation of the sentencing range seriously affects the fairness, integrity, or public reputation of judicial proceedings."). Accordingly, Mosley has demonstrated plain error regarding the calculation of her Guidelines range, and, upon this basis, she is entitled to a resentencing.

III.

For these reasons, I concur only in the judgment to vacate Mosley's sentence and remand for resentencing.