RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0182p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee*,

    *v.*

DAVID JASON PARKEY,

        *Defendant-Appellant*.

No. 24-5812

———————

Appeal from the United States District Court for the Eastern District of Kentucky at London.
No. 6:23-cr-00051-1—Robert E. Wier, District Judge.

Decided and Filed:  July 9, 2025

Before:  MOORE, GRIFFIN, and RITZ, Circuit Judges.

———————

**COUNSEL**

———————

**ON BRIEF:** Jarrod J. Beck, LAW OFFICE OF JARROD J. BECK, PLLC, Lexington, Kentucky, for Appellant.  Charles P. Wisdom, Jr., Carlton S. Shier, IV, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

———————

**OPINION**

———————

    GRIFFIN, Circuit Judge.

    Defendant David Parkey pleaded guilty to causing a minor to engage in sexually explicit conduct for the purpose of producing child pornography.  Over Parkey's objections, the district court applied two Sentencing Guidelines enhancements for using a minor to commit the offense and for engaging in a pattern of prohibited, sexually explicit activity.  For the following reasons, we affirm.

I.

When the mother of a 16-year-old girl notified Kentucky State Police that her daughter was exchanging inappropriate Facebook messages and photos with someone named "Hank Williams," the police investigated and determined that "Hank" was 39-year-old defendant David Parkey. Shortly after the minor began working at Smith's Tire Center, Parkey, her co-worker, began messaging her on Facebook. What began as innocuous daily greetings quickly turned sexual. The victim told police officers that she and Parkey developed feelings for each other, kissed once, exchanged sexually explicit messages, and planned to get married.

On January 18, 2023, Parkey sent messages instructing the minor to take off her shorts, touch her breasts and genitals, and send photos and videos of her doing the same. Forensic analysis of Parkey's cell phone revealed that the minor sent the requested photos and videos. Similar conduct occurred over the course of three weeks, including via live video chat on February 6, 2023. When police arrested Parkey at his home, he admitted that the "Hank Williams" Facebook account was his, that he knew the minor was 16 years old, and that he exchanged sexual photos and videos with her.

Based on the January 18 and February 6 communications, a grand jury indicted Parkey for two counts of causing a minor to produce child pornography, in violation of 18 U.S.C. § 2251(a), as well as one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Pursuant to a plea agreement, Parkey pleaded guilty to one count of causing a minor to produce child pornography, and the government dropped the remaining charges. In Parkey's presentence report, the probation office recommended that the district court apply two sentencing enhancements: a two-level enhancement under U.S.S.G. § 3B1.4 for using a minor to commit the offense, and a five-level pattern-of-activity enhancement under U.S.S.G. § 4B1.5(b)(1). The district court considered but ultimately rejected Parkey's objections to the enhancements at the sentencing hearing. Based on Parkey's negligible criminal history and lack of prior similar conduct, the district court imposed a below-Guidelines sentence of 270 months' imprisonment. On appeal, Parkey challenges the application of both enhancements.

II.

The government must establish by a preponderance of the evidence that a sentencing enhancement applies. *United States v. Byrd*, 689 F.3d 636, 640 (6th Cir. 2012). "Whether a district court properly applied a sentencing enhancement is a matter of procedural reasonableness." *United States v. Taylor*, 85 F.4th 386, 388 (6th Cir. 2023). When evaluating procedural reasonableness, "we review the district court's interpretation of the Guidelines de novo, and its factual findings for clear error." *Id.* Our circuit has not yet settled on which standard to apply when reviewing mixed questions of law and fact—like those at issue here—concerning sentencing enhancements. *See United States v. Bell*, 766 F.3d 634, 636 (6th Cir. 2014) (recognizing the de novo versus clear error split). But because the application of the enhancements here was appropriate under either standard, we need not pick one.

III.

Parkey first argues that the district court wrongly applied a two-level enhancement when it found that, by having the minor take and send him pornographic photos and videos of herself, Parkey "used or attempted to use a person less than eighteen years of age to commit the offense." U.S.S.G. § 3B1.4. Under this provision, "used or attempted to use" includes "directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." *Id.* § 3B1.4 cmt. n.1. But the enhancement does not apply if the "offense guideline incorporates this factor." *Id.* § 3B1.4 cmt. n.2. We must therefore determine whether Parkey's total offense level, without this enhancement, already "incorporates" the fact that he used a minor to commit the offense.

Start with the Guideline that set Parkey's base offense level, which is § 2G2.1. This Guideline, which corresponds to 18 U.S.C. § 2251 offenses for the sexual exploitation of children, provides a base offense level of 32. U.S.S.G. § 2G2.1(a). The district court applied two specific-offense-characteristic adjustments to this base offense level: one because the offense involved "a sexual act or sexual contact," *id.* § 2G2.1(b)(2)(A), and another because it involved "the use of a computer . . . to . . . persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct," *id.* § 2G2.1(b)(6)(B)(i). Therefore, Parkey's

base offense level of 36—which he accepted without objection—does not explicitly incorporate the "use of a minor" to commit the offense. Though it accounts for a minor being a victim, it does not account for using a minor to participate in the crime—e.g., at the defendant's direction, the minor took photographs to help the defendant produce child pornography. Nor do any of the other enhancements the district court applied to Parkey's sentence account for this use of the minor. Accordingly, because Parkey's total offense level does not "incorporate[]" using a minor in his offense, the Guideline's commentary limiting the § 3B1.4 enhancement does not apply here. *See id.* § 3B1.4 cmt. n.2.

The example in § 3B1.4's commentary supports this conclusion: "For example, if the defendant receives an enhancement under § 2D1.1(b)(16)(B) for involving an individual less than 18 years of age in the offense, do not apply this adjustment." *Id.* § 3B1.4 cmt. n.2. Section 2D1.1(b)(16)(B) adjusts the base offense level if the defendant "distributed a controlled substance to [an] individual or involved [the] individual in the offense" knowing that the individual was "less than 18 years of age." In other words, § 2D1.1(b)(16)(B) enhances the base offense level as a direct result of the minor's involvement in the offense. So in a case where § 2D1.1(b)(16)(B) applies, § 3B1.4 does not. In contrast to § 2D1.1(b)(16)(B), the Guidelines applied to Parkey—§§ 2G2.1(a), 2G2.1(b)(2)(A), and 2G2.1(b)(6)(B)(i)—do not enhance his offense level because he involved a minor in the offense. Thus, § 3B1.4 can apply.

Still, Parkey argues that because his offense under 18 U.S.C. § 2251(a) requires use of a minor, the § 3B1.4 enhancement impermissibly "double counts," or twice punishes, his use of a minor, rendering his sentence procedurally unreasonable. "Double counting occurs when precisely the same aspect of the defendant's conduct factors into his sentence in two separate ways." *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010) (brackets and citation omitted). It does not occur "where a defendant is penalized for distinct aspects of the defendant's conduct." *United States v. Moon*, 513 F.3d 527, 542 (6th Cir. 2008) (internal quotation marks omitted).

The district court did not double count Parkey's "use of a minor" when it applied § 3B1.4 because, as the court explained, Parkey "used" the minor in two distinct, unlawful ways: directing the minor to both (1) take the photos and (2) be the subject of the photos. Because

Parkey's conviction was based on his use of a minor as the *subject* of (i.e., the participant in) the sexually explicit conduct, *see* 18 U.S.C. § 2251(a), it did not account for his use of the minor as the *photographer* to capture that content. Thus, the district court appropriately applied this factor to account for the otherwise unpunished use of the minor as the photographer. *See* U.S.S.G. § 3B1.4.

In several unpublished cases, we have relied on the subject-photographer distinction to uphold application of the § 3B1.4 enhancement to 18 U.S.C. § 2251(a) offenses. *See United States v. Preston*, 2024 WL 4590865, at *5–6 (6th Cir. Oct. 28, 2024); *United States v. Hall*, 733 F. App'x 808, 810–11 (6th Cir. 2018); *United States v. Martin*, 291 F. App'x 765, 768 (6th Cir. 2008). And in a published opinion, the Second Circuit relied on the same reasoning to reach the same conclusion. *See United States v. Broxmeyer*, 699 F.3d 265, 281 (2d Cir. 2012).

Parkey argues that these cases are inapposite because *Martin*—the oldest of the cases and the one on which the others (including the Second Circuit's *Broxmeyer* opinion) relied—had distinct facts involving two minors. Unlike Parkey, the defendant in *Martin* used one minor to photograph another minor engaging in sexually explicit conduct. 291 F. App'x at 768. We upheld the district court's application of § 3B1.4 because the enhancement accounted for the defendant's "use of the child to operate the camera, and not for his victimization of the child appearing in the pornographic photos." *Id*.

In *Broxmeyer*, however, the Second Circuit upheld the enhancement's application where the defendant used one minor "*both* as the model and the photographer in his attempt to produce child pornography." 699 F.3d at 281. The court reasoned—and we agree—that the enhancement would not apply if the photographer were an adult. *Id.* But where the photographer and subject are both minors or are the same minor, the enhancement applies "in recognition of that distinct harm." *Id.* Recently, we reiterated that the enhancement applies where the defendant "had a child both appear in *and* make the videos and images." *Preston*, 2024 WL 4590865, at *6; *see also Hall*, 733 F. App'x at 810–11 (stating that *Broxmeyer* "applies to a scenario such as we have here in which a minor photographs herself").

True, as Parkey points out, applying the enhancement in this scenario produces what could be considered a counterintuitive result: a defendant receives a higher sentence when the minor photographs herself than if the defendant had photographed the minor. But we are bound by the text of the Guidelines. *See United States v. Gould*, 30 F.4th 538, 543 (6th Cir. 2022). And a plain reading of § 3B1.4 confirms that it applies when the defendant "used" a minor to commit the offense. It makes no exception for instances when the defendant uses the same minor as the one whose harm underlies the conviction. Adopting Parkey's interpretation would require us to read into the Guidelines limitations which are not there. This we cannot do. *See United States v. Sands*, 948 F.3d 709, 713 (6th Cir. 2020) (explaining that we apply the Guidelines' plain meaning unless the language is ambiguous).

Because the § 3B1.4 enhancement applies to Parkey's use of the minor to film herself—a separate harm from his use of the minor to engage in the sexual conduct—the district court did not procedurally err in applying this enhancement.

IV.

Parkey also challenges the district court's application of the five-level enhancement under § 4B1.5(b)(1) for engaging "in a pattern of activity involving prohibited sexual conduct." His conviction was based on one instance of exchanging sexually explicit images and videos with a minor on January 18, 2023, which he claims is insufficient to establish a "pattern" under § 4B1.5(b)(1). But the district court, citing the commentary to § 4B1.5, found that Parkey's additional sexually explicit communications with the minor on February 6, 2023, established a pattern sufficient to apply the § 4B1.5(b)(1) enhancement. *See* U.S.S.G. § 4B1.5 cmt. n.4(B)(i) (explaining that a "pattern of activity" requires "at least two separate occasions" of "prohibited sexual conduct with a minor"); § 4B1.5 cmt. n.4(B)(ii) (permitting the court to consider conduct beyond what "occurred during the course of the instant offense" and which did not "result[] in a conviction").

Parkey does not contest the district court's factual finding that he used the minor to engage in sexually explicit conduct on January 18 and February 6, 2023.**[1]** Rather, he argues that § 4B1.5's commentary impermissibly expands the scope of "relevant conduct" beyond the limits of a different Guideline—§ 1B1.3(a)(1). *See United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019) (en banc) (per curiam) (explaining that the commentary may not replace, modify, or stretch the text of the Guidelines because the commentary provides "*interpretations of*, not *additions to*, the Guidelines themselves" (citation omitted)). Parkey argues that § 1B1.3(a)(1) limits his "relevant conduct" for sentencing purposes to actions he took "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1).

We previously rejected the same argument in a similar case, explaining that "our practice makes clear that we consider Chapter Four enhancements separately from the offense of conviction." *United States v. Preece*, 2023 WL 395028, at *6 (6th Cir. Jan. 25, 2023). Indeed, § 1B1.3 "distinguishes between calculations made under Chapters Two and Three, *see* U.S.S.G. § 1B1.3(a), and those made under Chapters Four and Five, *see id*. § 1B1.3(b)." *Id.* at *5. If the enhancement at issue were rooted in Chapters Two or Three, we would agree with Parkey that § 1B1.3(a)(1) would limit the scope of relevant conduct to the instant offense. *See id.* But because § 4B1.5 is rooted in Chapter Four, we look to that Guideline, rather than § 1B1.3, "to determine the relevant conduct for [Parkey's] enhancement." *Id*.

Under § 4B1.5, the district court could consider activity beyond the offense of conviction. It therefore appropriately considered the February 6 communications along with the January 18 offense and found that Parkey engaged in a "pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b); *see also United States v. Wandahsega*, 924 F.3d 868, 886 (6th

---

**[1]**The district court must find relevant conduct supporting a criminal sentence by a preponderance of the evidence. *United States v. Rankin*, 929 F.3d 399, 407 (6th Cir. 2019). As long as that standard is satisfied, as it is here, the court may consider relevant conduct that was charged, uncharged, dismissed, or even acquitted. *Id*. at 407–08.

Quoting *United States v. Massey*, 79 F. App'x 832, 836 (6th Cir. 2003), Parkey advocates for a higher standard of proof when "a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction," which he argues occurred here. But our caselaw prevents us from applying such a standard. *See United States v. Graham*, 275 F.3d 490, 517 n.19 (6th Cir. 2001); *Massey*, 79 F. App'x at 836.

Cir. 2019) (explaining that "the two required occasions of prohibited sexual conduct for § 4B1.5(b)(1)'s enhancement may include the instant offense of conviction"); *Preece*, 2023 WL 395028, at *6–7 (explaining that § 4B1.5's commentary is consistent with *Havis*, 927 F.3d at 386).

V.

For these reasons, we affirm the district court's judgment.