NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0175n.06

No. 22-1602

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **FILED**<br>Apr 19, 2023<br>DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,            )

     Plaintiff-Appellee,            )

           )    ON APPEAL FROM THE

     v.         )    UNITED STATES DISTRICT

           )    COURT FOR THE EASTERN

REGINALD RAYNARD IRBY,            )    DISTRICT OF MICHIGAN

     Defendant-Appellant.            )    OPINION

           )

           )

           )

Before: KETHLEDGE, WHITE, and STRANCH, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Reginald Irby appeals his 30-month sentence for violation of supervised release, arguing that it is both procedurally and substantively unreasonable because the district court failed to sufficiently address the factors set forth in 18 U.S.C. § 3553(a) and heed its requirement that his sentence not be greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). We AFFIRM.

**I.**

In June 2017, Irby pled guilty to one count of conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). After serving the custodial portion of his sentence, he began a four-year term of supervised release in March 2020.

Irby violated the terms of his release several times. In April 2021, he hit a parked car while intoxicated, fled the scene, invaded a woman's home, and hid from the police in her bedroom. The district court responded by restricting the terms of Irby's supervised release, including placing Irby

on location monitoring, implementing curfews, and establishing inclusion/exclusion zones. According to Irby's probation officer, he frequently violated these conditions.

Then, in October 2021, a probation officer caught Irby falsifying a drug test. A second test yielded positive results for cocaine and marijuana, and Irby admitted that he had been falsifying his drug tests for several months. One month later, in November 2021, Irby told his probation officer he had COVID-19 and would be quarantining. The next day, police observed Irby conducting a drug transaction in the parking lot of a hotel. Officers interrupted the transaction and found a bag of Oxycodone pills and a bag of crack cocaine rocks on Irby's person. He was also chewing and attempting to swallow a small item, later identified as a pack of crack cocaine. Irby consented to a search of his hotel room, where officers discovered more Oxycodone and other pills identified as Amphetamine. The district court issued an emergency warrant for Irby's arrest.

At his revocation hearing a few months later, Irby admitted to violating the terms of his supervised release. The parties agreed, and the district court found, that the Guideline range for Irby's violation was 24-30 months, with a statutory maximum of three years. The prosecution requested a sentence within the Guidelines, noting that Irby had a long history of selling drugs, but conceding that he deserved credit for admitting responsibility. Defense counsel requested a one-year sentence, explaining that Irby was a father and grandfather, had been addicted to crack since he was sixteen, and suffered significant health issues. Irby told the sentencing court that he was initially doing well on supervised relief, and had obtained a job as a truck driver for the Salvation Army, but reverted to his "old ways" when he was laid off due to COVID-19. R. 149, PID 555-56.

The district court revoked Irby's supervised release and sentenced him to 30 months in prison, explaining:

The Court has to impose a sentence that will be sufficient and not greater than necessary to accomplish the sentencing goals of the statute and the Court takes into account protecting the public from further crimes of the defendant and deterring others who would imitate his wrongful conduct and also redress the breach of trust that a violation of supervised release represents.

The Court is concerned given the defendant's poor performance on supervised release that he simply has not been willing or able to turn the corner on a long history of offending and re-offending and that's unfortunate because it sounds like he does have skills and talents that he could put to better use. He did have some work that he was engaged in and it's unfortunate that he has reverted to the use of alcohol and drugs, but ultimately he has to bear the responsibility for having done that, so the Court believes that a sentence at the top of the guidelines will be sufficient and not greater than necessary to accomplish the statute's sentencing goals, so the Court's going to impose the following sentence, a sentence of 30 months with the Bureau of Prisons. The Court's revoking supervised release. The Court will not reimpose supervised release, does not feel that defendant will benefit further from it and the Court does believe that a program at whatever facility the defendant is lodged at involving drug rehabilitation would serve this defendant well, so the Court would certainly recommend that he be a participant in a program for drug abuse.

R. 149, PID 556-57. At the end of the hearing, in compliance with *United States v. Bostic*, 371 F.3d 865 (2004), the district court asked if there were any further objections to the sentence.[1] Irby did not raise any at the time. Irby timely appealed, arguing that his sentence was both procedurally and substantively unreasonable.

**II.**

Generally, we "review supervised release revocation sentences in the same way that we review all other sentences—'under a deferential abuse of discretion standard for reasonableness.'" *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (quoting *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007)). "[W]hile defendants do not need to raise the claim of substantive unreasonableness before the district court to preserve the claim for appeal, defendants must do so

---

[1] *Bostic* "announce[d] a new procedural rule" that "requir[ed] district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." 371 F.3d at 872.

with respect to claims of procedural unreasonableness." *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008) (citing *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008) (en banc)). If a defendant fails to raise an objection of procedural reasonableness before the district court, plain-error review applies on appeal. *Vonner*, 516 F.3d at 385.

### A. Procedural Unreasonableness

Irby first raises a claim of procedural unreasonableness. In order for a sentence to be procedurally reasonable, the district court must have:

> (1) properly calculated the applicable advisory Guidelines range; (2) considered the other [Section] 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen[.]

*United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (quoting *Bolds*, 511 F.3d at 581). Because the district court complied with *Bostic* and asked the parties for objections at the revocation hearing, and Irby failed to raise any, we review this claim for plain error. *Penson*, 526 F.3d at 337.

Irby claims that his sentence was procedurally unreasonable because the district court "failed to sufficiently address the factors set forth in 18 U.S.C. § 3553(a), as they would apply to this case." Appellant Br. at 6. He also lists some extenuating circumstances in his favor—like the fact he was working a legitimate job while on supervised release, and only resorted to drug dealing after he was fired due to COVID-19—that he claims the district court failed to consider. *Id.* at 9.

Irby's arguments are without merit. When imposing a sentence, a district court need not recite every Section 3553(a) factor, nor engage in their "ritual incantation." *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008) (quoting *United States v. Johnson,* 403 F.3d 813, 816 (6th Cir. 2005)). Indeed, "[n]ot all [the factors] are important in every sentencing; often one or two prevail, while others pale." *United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007).

A sentencing judge need only "set forth enough [explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Jeross*, 521 F.3d at 583 (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338 (2007)).

The district court satisfied this requirement. After hearing from both sides, and Irby himself, it discussed Irby's continued use of illegal drugs and his repeated violations of supervised release, noting that Irby "simply has not been willing or able to turn the corner on a long history of offending and re-offending." R. 149, PID 557. Bearing that history in mind, the sentencing court explained that it considered the following when imposing a 30-month sentence: "protecting the public from further crimes of the defendant," "deterring others who would imitate his wrongful conduct," and "redress[ing] the breach of trust that a violation of supervised release represents." *Id.*

Though this explanation was brief, when a sentence is within the Guidelines range—as it is in this case—the sentencing court "often does not need to provide a lengthy explanation." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018). Here, the sentencing court's discussion of Irby's recidivism and drug use, combined with its express invocation of two relevant Section 3553(a) factors—protection of the public and deterrence—though brief, is enough to satisfy us that it considered all relevant factors before imposing sentence. *See United States v. Polihonki*, 543 F.3d 318, 323 (6th Cir. 2008) (finding a sentence to be procedurally reasonable where the district court discussed both the relevant Section 3553(a) factors, as well as the defendant's repeated violations of supervised release, his ongoing alcohol abuse, the need for him to receive both alcohol-abuse and mental-health counseling, and what the court saw as "the high risk of continued behavior").

Further, contrary to Irby's argument on appeal, the sentencing court did consider the factors in Irby's favor. It noted that Irby was "engaged in" "some work" while on supervised release, and that Irby had "skills and talents that he could put to better use." R. 149, PID 557. But, when considering Irby's circumstances as a whole, the sentencing court concluded that Irby's reversion to drug and alcohol use outweighed those facts, and "ultimately [Irby] has to bear the responsibility for having done that." *Id.*

In sum, the sentencing court gave due consideration to Irby's arguments, adequately considered the relevant Section 3553(a) factors, and provided sufficient articulation of its reasoning for this court to conduct review. It therefore did not commit procedural error under either the plain-error or abuse-of-discretion standard. *See United States v. Martin*, 371 F. App'x 638, 641 (6th Cir. 2010) ("Because the district court sufficiently addressed the 18 U.S.C. § 3553(a) factors to allow for review and responded to [the defendant's] arguments for a lower sentence, it did not commit procedural error, plain or otherwise.").

## B. Substantive Unreasonableness

Irby also raises a claim of substantive unreasonableness. A sentence is substantively unreasonable if the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). Irby claims that his sentence was substantively unreasonable because it was "greater than necessary to achieve the goals of 18 U.S.C. § 3553(a)." Appellant Br. at 6. He contends that it would have been "much more reasonable" for the federal district court to impose the same one-year sentence that he received in state court for the underlying offense. *Id.* at 11.

We afford sentences within the applicable Guidelines range the presumption of reasonableness. *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008) (citing *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006)). Here, the district court not only addressed why it felt imprisonment, as opposed to further supervised release, was necessary,[2] it specifically justified sentencing Irby to the top of the Guidelines, noting that in light of Irby's persistent use of drugs and alcohol in violation of the terms of his supervised release, such a sentence was "sufficient and not greater than necessary to accomplish the statute's sentencing goals." R. 149, PID 557. Further, the sentencing court did not abuse its discretion in weighing Irby's repeated violations of past supervised release more heavily than his brief period of legitimate employment, and the fact he was laid off due to COVID-19. "When a district court adequately explains why it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse—*why* an alternative sentence was not selected—in every instance." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (emphasis in original) (citation omitted).

Finally, to the extent that Irby argues that the district court should have matched its federal sentence to his one-year state-court sentence, the government is correct that "it is impermissible for a district court to consider the defendant's likely state court sentence as a factor in determining his federal sentence." *United States v. Boucher*, 937 F.3d 702, 712 (6th Cir. 2019) (quoting *United States v. Malone*, 503 F.3d 481, 486 (6th Cir. 2007)). Further, as we have explained, to permit federal courts to rely on state-court criteria would only "enhance, rather than diminish, disparities"

---

[2] The sentencing court explained that based on Irby's recidivism, the court "[did] not feel that [Irby] will benefit further from [further supervised release]." R. 149, PID 557.

among similarly situated federal defendants. *Id.* Therefore, the district court did not abuse its discretion by imposing a sentence longer than Irby's state-court sentence.

## III.

For the reasons set out above, we affirm the district court's sentence.